**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ashton Bell 28 Property LLC, | No. CV 07-2092-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Infinite Marketing Group of Arizona LLC; Valdel Xtent US, LLC, | |
| Defendants. | |

Plaintiff Ashton Bell 28 Property, LLC ("Ashton") has filed a motion for partial summary judgment against Defendants Infinite Marketing Group of Arizona ("Infinite") and Valdel Xtent US, LLC ("Valdel") (Doc. #13). Ashton seeks judgment on liability and on the amount of damages due up until March of 2008. Ashton requests that the Court retain jurisdiction over the case to later determine the amount of remaining damages.

The following facts are undisputed:

- On March 15, 2005, Infinite executed an Office Lease Agreement to lease approximately 10,766 square feet of office space.
- The term of the lease ran from April 15, 2005 through October 31, 2010.
- Pursuant to the lease, Infinite agreed to pay minimum monthly rent, a share of operating costs if those costs exceeded the base share, and certain rental and personal property taxes.

- Infinite further agreed to pay in full for the six months of free rent it received in the event of Infinite's breach of the lease.
- Under the agreement, if Infinite failed to pay its monthly rental payments and/or other charges within ten days after the due date, then Infinite would automatically owe a late charge of five percent on the delinquent amount.
- On March 24, 2005, Valdel executed the Guaranty Agreement.
- Valdel personally guaranteed the unconditional, timely payment of all sums owed by Infinite under the lease.
- Valdel also waived all rights to require the landlord to proceed against Infinite before collecting or enforcing the Guaranty.
- Plaintiff Ashton purchased the subject property on February 21, 2006, and was assigned the rights to the Infinite lease agreement and the Valdel guaranty.
- On August 10, 2007, Infinite defaulted on late fees it owed. It never paid the late fees, but eventually paid the August rent.
- Infinite again defaulted on its rent in September of 2007. Infinite never paid the September rent or late fees and has not made any payments since that time.
- On November 2, 2007, Ashton gave Infinite a credit of $38.06 because of the City of Phoenix's delay in imposing rental tax increases.
- In April of 2008, Valdel made a payment of $40,000 to Ashton. Ashton applied that amount to the balance owed by Infinite and Valdel under the lease and guaranty agreement.
- The total amount due by Defendants, taking into account the two credits, to Ashton under the lease and guaranty as of March 24, 2008 was $242,725.76.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, summary judgment is mandated, "...against a party who fails to make a showing sufficient to establish the existence of an

1 element essential to that party's case, and on which that party will bear the burden of proof
2 at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

3    The undisputed facts demonstrate as a matter of law that Infinite breached the Lease
4 Agreement by failing to make required payments and that Valdel breached the Guaranty
5 Agreement by failing to pay the amounts owed by Infinite under the lease. The undisputed
6 facts further demonstrate that the amount Defendants owed as of March 24, 2008 was
7 $242,725,76. The Court therefore will grant Ashton's motion for partial summary judgment
8 as to liability and the amount owed as of March 24, 2008. Fact issues remain regarding the
9 full extent of Defendants' liability for the entire lease period

10    The Court will vacate the oral argument set for 10:00 a.m. on August 11, 2008.[1]
11 Instead, at that time, the Court will hold a status conference. At the status conference, the
12 parties shall come prepared to discuss how the Court should proceed with regard to the
13 remaining damages issues in the case, whether the Court can retain jurisdiction over the
14 remainder of the case, and whether Ashton wants a final judgment with regard to the issues
15 decided by this Order. The parties shall bring legal authority to support their suggestions.
16    Accordingly,

17    IT IS ORDERED GRANTING Plaintiff Ashton Bell 28 Property, LLC's motion for
18 partial summary judgment (Doc. #13).[2] Defendants are liable to Plaintiff in the amount of
19 $242,725.76

20    IT IS FURTHER ORDERED VACATING the oral argument set for 10:00 a.m. on
21 August 11, 2008.

22    IT IS FURTHER ORDERED setting a status conference for 10:00 a.m. on August 11,
23 2008.

---

[1] The Court finds no need for oral argument as Plaintiff is the only party that requested oral argument on the motion and the Court is granting the motion.

[2] Because this Order does not dispose of all the issues in the case, the Clerk of the Court will not issue final judgment.

IT IS FURTHER ORDERED DENYING Ashton's motion for attorneys' fees without prejudice to refiling pursuant to the dictates of Local Rule of Civil Procedure 7.2(I).

DATED this 11th day of July, 2008.

James A. Teilborg
United States District Judge